IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LISA JOHNSON, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-16-2937 |
| CRC HOLDINGS, INC. d/b/a CRC SALOMON, et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Plaintiff Lisa Johnson brought the instant action against her former employer, CRC Holdings, Inc. ("CRC"), and its owner, Cregg R. Seymour ("Seymour"), alleging that she was not paid the full wages she was due under the Fair Labor Standards Act, the Maryland Wage and Hour Law, and the Maryland Wage Payment Collection Law. (Compl., ECF No. 1.) Defendants have filed a MOTION TO DISMISS AND/OR TO STAY PROCEEDINGS AND COMPEL ARBITRATION (ECF No. 7), and Plaintiff has responded (ECF No. 9). No hearing is necessary. Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendants' motion will be granted as a motion to stay proceedings and compel arbitration.

*I.   Standard for Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere

possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## II. *Allegations of the Complaint*[1]

CRC is a company that provides court reporting services. (Compl. ¶ 2.) Plaintiff alleges that she was employed by CRC as a Production Coordinator from August 18, 2014, through June 30, 2015, before she was promoted to Office Manager, a position she occupied until April of 2016. (*Id.* at ¶ 21.) Plaintiff's complaint relates exclusively to the period of her employment as a Production Coordinator, during which time she had little discretion in performing her tasks, had no supervisory role, performed no data analysis or interpretation, and did not set policy for CRC's business. (*Id.* at ¶¶ 33–40.) As a Production Coordinator, Plaintiff alleges that she was routinely required to work in excess of forty hours per week: often working through lunch, staying at the office late, responding to phone calls during what was otherwise her personal time, and engaging in weekend travel. (*Id.* at ¶¶ 47–61.) Nonetheless, Plaintiff alleges that she never received any overtime compensation during the period in question, but was instead paid a flat rate based on an annual salary.[2] (*Id.* at ¶ 62.) Therefore, Plaintiff alleges, in failing to pay

---

[1] The facts are recited here as alleged by Plaintiff, as this memorandum is evaluating a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

[2] Plaintiff's annual salary was $35,000 for the first four-and-a-half months that she worked as a Production Coordinator, after which time she received a raise to $37,500 per year. (Compl. ¶¶ 43–44.)

overtime, Defendants acted in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 (2017) ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401–3-431 (LexisNexis 2016) ("MWHL"), and the Maryland Wage Payment Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501–3-509 (LexisNexis 2016) ("MWPCL"). (Compl. ¶¶ 70–85.)

## III. Analysis

Defendants base their motion to dismiss on the premise that Plaintiff waived her rights under the applicable wage laws when she entered into a Separation Agreement and Release ("the Agreement") on May 7, 2016. (Defs.' Mot. to Dismiss ¶ 2.) Because a ruling on this affirmative defense is improper at this stage in the proceedings, and because the Agreement is extrinsic to the Complaint and not relied on by it, Defendants' motion to dismiss will be denied. However, even if the Court were to consider this defense, it would not find that Plaintiff waived her claims under the pertinent statutes. Furthermore, Defendant Seymour is a proper party under the pertinent statutes, so Defendants' motion that he be dismissed will likewise be denied. However, because the Agreement also contained a valid arbitration clause, Defendants' motion to compel arbitration will be granted, and the case will be stayed pending arbitration of Plaintiff's claims.

  A. **Motion to Dismiss**

    1. **Proper Considerations on a Motion to Dismiss**

Defendants fail to present any justification why, on a motion to dismiss, the Court should consider their argument that Plaintiff waived her right to sue.

Generally, a defense to a claim for relief in a pleading must be raised in a responsive pleading. Fed. R. Civ. P. 12(b). The Federal Rules of Civil Procedure carve out seven exceptions for defenses that may be raised on a motion to dismiss, including failure to state a

claim upon which relief can be granted. *See id.* Under such a motion, courts generally constrain their considerations to the allegations of the complaint and any attached documents, but may also consider extrinsic evidence that is "integral to and explicitly relied on in the complaint" and the authenticity of which is unchallenged by the plaintiffs. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

Defendants' motion to dismiss is based on the notion that Plaintiff waived her right to sue Defendants when she signed the Agreement. (Defs.' Mot. to Dismiss ¶ 2.) This affirmative defense does not obviously fit under any of the enumerated exceptions under Rule 12 of the Federal Rules of Civil Procedure,[3] so consideration of the argument is not timely. Even assuming that Defendants' argument could properly be considered under Rule 12(b)(6), the evidence upon which Defendants rely (*i.e.*, the Agreement) was neither attached to the Complaint nor integral to or relied upon by the Complaint. Therefore, the Court will not consider the release clause contained within the Agreement on a motion to dismiss. For these reasons, the motion will be denied.

### 2. Validity of Waiver

Even if, on this motion to dismiss, the Court were to consider the Agreement's release clause and to rule on the substance of Defendants' affirmative defense, Defendants would still not prevail. As the Court has already indicated in this case, the right to wage protections under the FLSA is not normally negotiable without approval by a court or by the Department of Labor. (*See* Mem. to Counsel, ECF No. 8.) For that reason, and because the pertinent Maryland statutes are similarly non-waivable, *see infra*, Plaintiff's claims would survive Defendants' motion.

Congress enacted the FLSA to "protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free

---

[3] Defendants' motion fails to cite the authority under which they seek dismissal of the Complaint.

flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). One cannot abridge or otherwise waive one's rights under the FLSA "because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014) ("[The FLSA's] provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement.").

The MWHL sets a minimum wage standard with a similar purpose to the FLSA: to allow workers to maintain themselves at a level consistent with their needs (including their health), to safeguard against unfair competition, and to increase the stability of industry, among other things. Md. Code Ann., Lab. & Empl. § 3-402 (LexisNexis 2016). As such, the statute expressly invalidates any agreement to work for less than the statutorily required minimum wage.[4] *Id.* at § 3-405. While the MWHL sets the minimum amount of compensation due to an employee, the MWPCL dictates the permissible terms of such payment. *See* Md. Code Ann., Lab. & Empl. §§ 3-502–3-505 (LexisNexis 2016). Like the MWHL, it also declares void any agreement to work for less than the statutorily required wage. *Id.* at § 3-502(f).

On May 7, 2016, Plaintiff signed the Agreement in which she agreed, among other things, to

> release and forever discharge [Defendants] from any and all rights, demands, causes of action, complaints, contracts and other claims whatsoever, in law or in equity, which Employee . . . [has] or may have against the CRC Releasees, including all known, unknown, undisclosed and unanticipated claims occurring before and including the effective date of this Agreement.

---

[4] The MWHL also incorporates the rights enjoyed by an employee under the FLSA. Md. Code Ann., Lab. & Empl. §§ 3-401(c), 3-404 (LexisNexis 2016) ("This subtitle does not diminish . . . a right of an employee that is granted under the [federal Fair Labor Standards Act of 1938.]"). For that reason, courts generally apply the FLSA and the MWHL under a common analysis. *See, e.g., Turner v. Human Genome Science, Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003) ("The requirements under the MWHL mirror those of the federal law; as such, Plaintiffs' claim under the MWHL stands or falls on the success of their claim under the FLSA.")

(Agreement ¶ 9, ECF No. 7-1.)  Notably, the Agreement carves out an exception to the above-quoted release for "claims that may not be waived as a matter of law." (*Id.* at ¶ 10.)  Because a worker cannot contractually waive her rights to full payment under the FLSA, MWHL, or MWPCL, the Agreement does not cover Plaintiff's claims under those statutes.  Therefore, even if it were to consider Defendants' proffered affirmative defense of waiver on this motion to dismiss, the Court would deny that argument as a matter of law.

### 3. Defendant Seymour's Status as Employer

Defendant Seymour further argues that Plaintiff's claims should be dismissed against him because he is not personally liable for employer CRC's alleged wrongdoing. (Defs.' Mot. to Dismiss ¶ 11.)  By contrast, all of Plaintiff's allegations are directed against both Defendants, collectively (Compl. ¶¶ 4–85), implying that Seymour was acting as an agent of CRC as well as its owner.  The FLSA and the MWHL both define "employer" to include any person acting in the interest of an employer with respect to an employee. 29 U.S.C. § 203(d) (2017); Md. Code Ann., Lab. & Empl. § 3-401(b) (LexisNexis 2016).  In evaluating the adequacy of an FLSA/MWHL complaint at the pleading stage, a court will presume that all allegations made against the defendants collectively apply with equal force as against each individual defendant. *Rollins v. Rollins Trucking, LLC*, Civ. No. JKB-15-3312, 2016 WL 81510, at *2 (D. Md. Jan. 7, 2016) (unreported).  Furthermore, "employees need undertake no veil-piercing venture to recover under the wage statutes." *Id.* at *3.  Seymour, the Court concludes, is properly named as a Defendant.  Therefore, the Court will deny Defendants' motion to dismiss Seymour from the case, and the Complaint will survive against both Defendants.

### B.   Motion to Compel Arbitration

As an alternative to their motion to dismiss, Defendants move the Court to compel arbitration. (Defs.' Mot. to Dismiss, ¶ 8.) By signing the Agreement, Plaintiff gave CRC the right to resolve through arbitration any dispute concerning Plaintiff's prior employment. (Agreement ¶ 15.)

#### 1.   Enforceability of the Arbitration Agreement

The Federal Arbitration Act ("FAA") reflects "a liberal federal policy favoring arbitration agreements," and claims under the FLSA may properly be resolved through mandatory arbitration. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500, 06 (4th Cir. 2002). A party may compel arbitration if it demonstrates the following:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.

*Id.* at 500–01. Whether parties have a valid arbitration agreement governing a dispute is a question of applicable state contract law. *Id.* at 501. Under Maryland law, a contract is unenforceable if it is so vague that the reviewing court cannot discern the parties' intention (*i.e.*, when a material term is left undefined). *Quillen v. Kelley*, 140 A.2d 517, 523 (Md. 1958). However, Maryland courts are reluctant to reject agreements as unintelligible, but will sustain them so long as the reviewing court can establish the contracting parties' reasonable intent. *Id.* ("The law does not favor, but leans against the destruction of contracts because of uncertainty; therefore, the courts will, if possible, so construe the contract as to carry into effect the reasonable intention of the parties if that can be ascertained."). Maryland law also holds that where a contract refers to another document, that other document may be interpreted as part of the contract. *Ray v. William G. Eurice & Bros.*, 93 A.2d 272, 279 (Md. 1952).

In the instant case, the only element at issue is whether Plaintiff has bound herself to arbitrate her dispute with Defendants. The Agreement contains the following arbitration clause:

> In the event that Employee brings a legal action . . . relating to this Agreement, Employee's employment or the mutual separation thereof, against any CRC Releases [sic], Employee agrees that, at the option of CRC, he/she will submit to arbitration pursuant to the employment arbitration rules of the American Arbitration Association.

(Agreement ¶ 15.) The Agreement is broad and does not itself identify who will select the arbitrator, how the costs of arbitration should be allocated, where it should take place, or whether it is to be binding. (*See id.*) However, the agreement incorporates by reference the American Arbitration Association's (AAA's) employment arbitration rules, which provide mechanisms for resolving these ambiguities. *See* American Arbitration Association, *Employment: Arbitration Rules and Mediation Procedures*, R. 1, 10–12; Fee Schedule (2009). The Court may therefore interpret these rules as part of the Agreement. The only missing term that is not expressly addressed by the rules is the question of whether the arbitration is to be binding, but courts have not shied away from discerning the reasonable intent of parties who omitted that term from their agreements to arbitrate. *See*, *e.g.*, *Rainwater v. Nat'l Home Ins. Co.*, 944 F.2d 190, 193–94 (4th Cir. 1991) (per curiam) (holding that reference to an earlier version of the AAA's rules implied an agreement for arbitration to be binding); *Dow Corning Corp. v. Safety Nat'l Cas. Corp.*, 335 F.3d 742, 746 (8th Cir. 2003) (finding that reasonable interpretation of an arbitration agreement provided for non-binding arbitration when it failed to expressly state as much). The Court is not presently asked to determine whether the Agreement contemplates binding or non-binding arbitration. Rather, for the present purposes, it is sufficient to conclude that the Agreement's silence on this issue does not render it unenforceable.

The Agreement clearly expresses the parties' intention that CRC be given the right to submit disputes to arbitration (including disputes relating to employment, as well as those

relating to the Agreement itself). (Agreement ¶ 15.) In light of that clear intention, and in light of the FAA's "liberal policy favoring arbitration agreements," *Adkins*, 303 F.3d at 500, the Court will grant Defendants' motion to compel arbitration.

### 2. Granting a Stay in the Case

If a court refers a matter to arbitration pursuant to a valid agreement under the FAA, then the court shall, on application of one of the parties, stay the proceedings until the arbitration is complete. 9 U.S.C. § 3 (2016.) In the event of the Court's granting Defendant's motion to compel arbitration, Plaintiff has requested the Court to stay the case. (Mem. in Supp. of Pl.'s Opp'n 7, ECF No. 9-1.) The Court will grant that request in accordance with the FAA. If, in the meantime, the parties negotiate a settlement, the Court will review the fairness of that arrangement under the FLSA.

### IV. Conclusion

For the foregoing reasons, Defendants' motion will be granted in part and denied in part. Construing the motion as one to dismiss the Complaint or to dismiss Defendant Seymour, the Court will deny the motion; construing it as a motion to compel arbitration and to stay the case, the Court will grant it. A separate order shall issue.

DATED this 7th day of March, 2017.

BY THE COURT:

/s/
James K. Bredar
United States District Judge